699 P.2d 1072

In the Matter of the REGULATION OF RATES, TERMS AND CONDITIONS FOR the PROVISION OF POLE ATTACHMENT SPACE TO CABLE TELEVISION SYSTEMS BY TELEPHONE COMPANIES:

LAS CRUCES TV CABLE and New Mexico Cable Television Association, Intervenors-Appellants,

v.

NEW MEXICO CORPORATION COMMISSION, Respondent,

Mountain States Telephone & Telegraph Company, General Telephone Company of the Southwest, Intervenors.

No. 15349.

Supreme Court of New Mexico.

May 13, 1985.

Poole, Tinnin & Martin, Robert C. Poole, Albuquerque, Hogan & Hartson, Gardner F. Gillespie, Paul Glist, Sylvia S. Winik, Washington, for appellants, New Mexico Cable Television Association.

Campbell & Black, Bruce D. Black, Santa Fe, Fletcher, Heald & Hildreth, David G. Rozzelle, Dan J. Alpert, Washington, for Las Cruces TV Cable.

Maureen A. Sanders, Gen. Counsel, Santa Fe, Paul Bardacke, Atty. Gen., Michael Barlow, Asst. Atty. Gen., Santa Fe, for Corporation Commission.

Sutin, Thayer & Browne, Richard L.C. Virtue, Santa Fe, T.M. Ledingham, Albuquerque, for Mountain States Telephone & Telegraph.

Stephenson, Carpenter, Crout & Olmsted, Bill Templeman, Santa Fe, William G. Mundy, Ward W. Wueste, Jr., San Angelo, for General Telephone Co. of the Southwest.

## OPINION

STOWERS, Justice.

This appeal arose from the entry of a final order issued by the New Mexico Corporation Commission (Commission) on January 26, 1984, regarding the regulation by the Commission of the rates, terms, and conditions by which cable television systems make attachments to telephone utility poles in New Mexico. In its order the Commission ruled that it has jurisdiction over cable television attachments to telephone utility poles. Intervenors-appellants Las Cruces TV Cable and New Mexico Cable Television Association, pursuant to N.M. Const. art. XI, Section 7 (Cum.Supp. 1984), then filed petitions for removal to this Court. We affirm the order of the Commission.

The sole issue we decide on removal is whether the Commission has the authority to regulate the provision of pole attachments by telephone companies to cable television systems. Appellants contend that the Commission cannot regulate pole attachment agreements under federal and New Mexico law and that the Commission's decision to do so is beyond the intended scope of the Commission's jurisdiction. We disagree.

In 1978 the United States Congress enacted the Federal Pole Attachment Act, now codified at 47 U.S.C. Section 224 (1982). Under subsection 224(b)(1), Congress granted the Federal Communications Commission (FCC) jurisdiction of the following:

> [T]he Commission shall regulate the rates, terms, and conditions for pole attachments to provide that such rates, terms, and conditions are just and reasonable * * *.

However, this authority granted to the FCC is subject to the provisions of subsection 224(c)(1), which provides as follows: "Nothing in this section shall be construed to apply to, or to give the [FCC] jurisdiction with respect to rates, terms, and conditions for pole attachments in any case where such matters are regulated by a State."

Congress has indicated that by granting the FCC jurisdiction to regulate the rates, terms, and conditions of pole attachments, it did not intend to foreclose the states from exercising jurisdiction over pole attachments. The clear congressional intent that the states, not the federal government, should have the principal responsibility for regulation of pole attachments is indicated by the following excerpt from the legislative history of Section 224:

> The [Senate] committee considers the matter of CATV pole attachments to be essentially local in nature, and that the various State and local regulatory bodies which regulate other practices of telephone and electric utilities are better equipped to regulate CATV pole attachments. Regulation should be vested with those persons or agencies most familiar with the local environment within which utilities and cable television systems operate.

S.Rep. No. 580, 95th Cong., 2nd Sess. 16, *reprinted in* 1978 U.S.Code Cong. & Ad. News 109, 124. The legislative history also states that Section 224 "imposes no rate-setting formula upon the State * * * [because] the States should have maximum flexibility to develop a regulatory response to pole attachment problems * * *." *Id.* at 17, 1978 U.S.Code Cong. & Ad.News at 125.

In order for a state regulatory body to assume jurisdiction over pole attachments, it must comply with the procedure found in subsection 224(c)(2):

> Each State which regulates the rates, terms, and conditions for pole attachments shall certify to the [FCC] that—
>
> (A) it regulates such rates, terms, and conditions; and
>
> (B) in so regulating such rates, terms, and conditions, the State has the authority to consider and does consider the interests of the subscribers of cable television services, as well as the interests of the consumers of the utility services.

This subsection was added to Section 224 by a technical amendment to ensure that state regulatory agencies certify to the FCC that they are vested with proper authority to consider the interests of utility customers *and* cable television customers in an even-handed, fair and reasonable manner. *See* 124 Cong.Rec. 1598–99 (1978).

Appellants argue that the Commission's authority to regulate the telephone utilities does not extend to the regulation of cable television pole agreements. The Commission contends that the broad plenary grant of authority to the Commission includes all charges and rates of telephone companies.

The Commission was created and is governed by the New Mexico Constitution. N.M. Const. art. XI, §§ 1–12 (Orig.Pamp. and Cum.Supp.1984). Article XI, Section 7 of the New Mexico Constitution provides in pertinent part:

> The commission shall have power and be charged with the duty of fixing, determining, supervising, regulating and controlling all charges and rates of railway, express, telegraph, telephone, sleeping car and other transportation and transmission companies and common carriers within the state * * *.

The use of the term "shall" in art. XI, Section 7, in giving the Commission the power and duty to set rates and charges,

has been determined to signify a mandatory duty rather than a discretionary one. *Mountain States Telephone Co. v. New Mexico State Corporation Commission,* 90 N.M. 325, 563 P.2d 588 (1977). This Court has described the broad authority granted to the Commission as follows:

It is difficult to conceive of a more clear and all-inclusive grant of power to a governmental agency. The Commission has a duty to be a prime mover in the procedure to see that the public interest is protected by establishing reasonable rates and that the utility is fairly treated * * *.

*Id.* at 331, 563 P.2d at 594. Further, "[w]e consider the rate-making power of the [C]ommission to be plenary, except as restricted by ... principles of constitutional law * * *." *Id.* at 334, 563 P.2d at 597, (quoting *San Juan Coal & Coke Co. v. Santa Fe, San Juan & Northern Railway Co.,* 35 N.M. 512, 517, 2 P.2d 305, 307 (1931)).

In its January 26, 1984 order, the Commission determined:

1. The Constitution (sic) grant of Authority and jurisdiction of the Commission is plenary in nature and to be broadly construed.

2. Article XI, Section 7, New Mexico Constitution gives the Commission the power to and duty to fix, determine, supervise, regulate and control all charges and rates of telephone companies.

3. The charges of telephone companies to cable television systems for the provision of pole attachment space is a charge and rate of a telephone company within the meaning of said Article XI, Section 7, New Mexico Constitution.

4. The Commission's duty to fix rates is mandatory rather than discretionary.

The determination of the Commission is consistent with the principles governing the power and authority of the Commission announced by this Court.

Appellants contend that the Commission lacks the authority to consider the interests of cable television customers and, thus, under 47 U.S.C. Section 224(c)(2) cannot certify to the FCC that it has the authority to regulate pole attachments. We disagree. Article XI, Section 7, of the New Mexico Constitution provides in pertinent part that the Commission has the power to regulate the charges and rates of "telephone * * * and other transportation and transmission companies and common carriers within the state and of determining any matters of public convenience and necessity relating to such facilities * * *." Although cable television companies may or may not be "transmission companies," we need not decide that question because it is not presently before this Court. We are convinced that the broad and plenary authority granted to the Commission extends to the rates and charges of a telephone company for the use of facilities which are required for telecommunication services, in this case the rates and charges for cable television attachments to telephone company poles.

Moreover, we conclude that the Commission's duty to act in the public interest, *see Mountain States Telephone Co.,* is not restricted to such ratemaking. We are convinced that the Commission has the power and authority to regulate the terms and conditions of pole attachments, under its constitutional power and duty of determining matters of public convenience and necessity relating to telephone company facilities. The public interest duty of the Commission requires the regulation of the use of telephone pole space by cable television companies and of the policies regarding such use, to eliminate potential discrimination against cable television companies and to avoid potential disruption of telecommunication services. *See General Telephone Co. of Upstate New York v. Public Service Commission,* 63 A.D.2d 93, 406 N.Y.S.2d 909 (1978). *See also* S.Rep. No. 580 at 13, 1978 U.S.Code Cong. & Ad.News at 121. Under art. XI, Section 7, of the New Mexico Constitution, the Commission has the power and authority to make rules and issue orders necessary to the exercise of its constitutional duties. We find no constitutional barrier to the Commission's assertion of jurisdiction over pole attachments.

Finally, we note that the bifurcation of jurisdiction between federal and state governments, which would result if the Commission failed to assert its jurisdiction, would not be efficient or beneficial for the governments or the industries involved. The duplication and overlapping of regulatory function would create an unnecessary burden on the federal government and would unnecessarily limit the proper jurisdiction of the Commission. Thus, the Commission properly asserted jurisdiction over cable pole attachments in its order of January 26, 1984.

The ruling of the Commission is affirmed.

IT IS SO ORDERED.

FEDERICI, C.J., and SOSA, Senior Justice, concur.