764 P.2d 876

**The MOUNTAIN STATES TELEPHONE AND TELEGRAPH COMPANY, a Colorado Corporation, Appellant,**

v.

**NEW MEXICO STATE CORPORATION COMMISSION, and AT & T Communications, Appellees.**

**No. 17317, 17409.**

Supreme Court of New Mexico.

Nov. 23, 1988.

Patrick T. Ortiz, New Mexico Gen. Atty., Albuquerque, for Mountain States Tel. and Tel. Co.

Joseph Van R. Clarke, Asst. Atty. Gen., Gen. Counsel, Santa Fe, for New Mexico Corp. Comn.

Rebecca DeCook, T. Larry Barnes, AT & T Communications of the Mountain States, Inc., Denver, Rodey, Dickason, Sloan, Akin & Robb, P.A., Diane Fisher, Albuquerque, for AT & T Communication of the Mountain States, Inc.

## OPINION

WALTERS, Justice.

The Mountain States Telephone and Telegraph Company, hereinafter Mountain Bell, petitioned the New Mexico State Corporation Commission (SCC) for a determination that its third-party billing and collection services were not subject to regulation by the SCC. Mountain Bell collects through a recording function its interexchange carrier customers' use of long-distance lines belonging to other telephone companies and then bills and collects the fees for such long-distance service. Once Mountain Bell determines that users are delinquent in their long-distance service accounts, it also terminates telephone service to those customers under a denial for nonpayment (DNP) procedure. The SCC previously has regulated the DNP aspect of Mountain Bell's services to the interexchange carriers.

After conducting hearings, the SCC found that the billing service was an integral component of telecommunications service as a whole, that Mountain Bell had a monopoly over such service, and that the service included recording the transmission of telephone signals, which in turn involved the transmission of data within the network itself. From these findings, the SCC concluded that it had jurisdiction to regulate the service and entered an order accordingly.

Uncertain about which procedure to employ to obtain review of the SCC's order, Mountain Bell both sought to appeal the order under the Telecommunications Act, NMSA 1978, Section 63–9A–18 (Cum.Supp. 1988), and to remove the SCC decision for an independent review by this court pursuant to N.M. Const. art. XI, § 7. We undertake our review in accordance with the removal procedure because the sole issue for consideration is whether the SCC has jurisdiction under article XI, section 7 to regulate the service that Mountain Bell provides to other telecommunication carriers.

The constitution empowers the SCC with the duty to regulate telecommunications service to the public. *In re Generic Investigation into Cable Television Serv.*, 103 N.M. 345, 350, 707 P.2d 1155, 1160 (1985); N.M. Const. art. XI, § 7. Telecommunication services generally involve the transmission of signals, images, sounds, or data by wire, lightwaves, or electromagnetic means. NMSA 1978, § 63–9A–3(L) (Cum.Supp.1988). We have

held that the broad, plenary authority which our constitution bestows upon the SCC extends to all of the rates and charges of telephone companies and other transmission companies. *In re Generic Investigation,* 103 N.M. at 349, 707 P.2d at 1159. In construing article XI, section 7, we have stated that it is "difficult to conceive of a more clear and all-inclusive grant of power for a governmental agency." *Mountain States Tel. & Tel. Co. v. New Mexico State Corp. Comm'n,* 90 N.M. 325, 331, 563 P.2d 588, 594 (1977). The SCC also has the authority to regulate the cost of facilities needed for telecommunications services which, in turn, affect the cost of providing those telecommunications, even if no transmission of signals is provided by the facilities. *See In re Regulation of Rates, Terms, and Conditions for Provision of Pole Attachment Space to Cable Television,* 102 N.M. 720, 722, 699 P.2d 1072, 1074 (1985); N.M. Const. art. XI, § 7.

■ Authority is specifically granted to the Commission to regulate a public telecommunications service under the New Mexico Telecommunications Act. NMSA 1978, §§ 63–9A–1 to—20 (Cum.Supp.1988). As defined in the Telecommunications Act, "public telecommunications service means the transmission of signs, signals, writing, images, sounds, messages, data or other electromagnetic means originating and terminating in this state regardless of actual call routing." NMSA 1978, § 63–9A–3(L) (Cum.Supp.1988). The services rendered here by Mountain States as described above entail timing calls through switching operations, and transmitting such recorded data to its billing department. Clearly, transmission of signals is an integral part of the service, and that service (which carries with it a charge to the carriers who are using the service) must also fall within the SCC's authority and power to regulate

tariffs. *See, In re Generic Investigation,* 103 N.M. at 348–49, 707 P.2d at 1158–59; *see also In re Regulation of Rates, Terms, and Conditions for Provision of Pole Attachment Space to Cable Television,* 102 N.M. at 722, 699 P.2d at 1074. When a telephone company offers service to others, which necessarily requires the use of facilities employed in providing telecommunications services by the telephone company, then SCC has constitutional authority to regulate the charges and rates for the service, and the duty to determine matters of public convenience and necessity relating to use of telephone company facilities.

■ Moreover, the actions that Mountain Bell takes, insofar as it instigates termination for nonpayment of the unique privileges of telephone service, is distinctly a matter of public concern. DNP action impacts directly on the public interest because customers cannot obtain telephone service elsewhere if their local services are terminated. The SCC correctly determined that it should regulate Mountain Bell's DNP service on delinquent accounts because public convenience and necessity is incontestably implicated.

Accordingly, the SCC's order denying Mountain Bell's petition is affirmed in all respects.

IT IS SO ORDERED.

SCARBOROUGH, C.J., SOSA, Senior J., and STOWERS and RANSOM, JJ., concur.